UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SPECTRUM COMMUNICATION           CIVIL ACTION
SPECIALISTS, L.L.C.

VERSUS                           NO. 09-159

KMJ SERVICES, INC. AND           SECTION "R"(3)
BRAD BLANCHARD

## ORDER

Before the Court is the Motion to Recover Attorneys' Fees [Doc. #17] filed by plaintiff Spectrum Communication Specialists, L.L.C. ("Spectrum"). Defendant KMJ Services, Inc. ("KMJ") opposes the motion [Doc. #21]. The Court finds that the issues are fully briefed, and oral hearing is unnecessary. For the following reasons, the Court GRANTS IN PART and DENIES IN PART Spectrum's Motion to Recover Attorneys' Fees [Doc. #17].

## I.   Background

This is a contract dispute between Spectrum and KMJ, both parties to an Operating Agreement for the vessel M/V/ MISS ELIZABETH. Spectrum sued KMJ, alleging, *inter alia*, breach of contract.

On September 16, 2009, Spectrum filed a Motion to Compel Discovery Responses [Doc. #12]. This Court initially set the motion for oral hearing on October 7, 2009 [Doc. #13]. On October 6, 2009, this Court granted Spectrum's motion as unopposed and cancelled the hearing

1

[Doc. #15]. Spectrum now seeks its attorney's fees under Federal Rule of Civil Procedure 37 for having had to file the motion to compel.

## II. Analysis

### A. THE LODESTAR APPROACH

The United States Supreme Court and the Fifth Circuit have oft-repeated that a request for attorneys' fees should not spawn major ancillary litigation. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *Associated Builders & Contractors of La., Inc. v. Orleans Parish School Bd.*, 919 F.2d 374, 379 (5th Cir.1990). A court's discretion in fashioning a reasonable attorney's fee is broad and reviewable only for an abuse of discretion, *i.e.*, it will not be reversed unless there is strong evidence that it is excessive or inadequate, or the amount chosen is clearly erroneous. *Hopwood v. State of Tex.*, 236 F.3d 256, 277, n.79 (5th Cir. 2000); *Hensley*, 461 U.S. at 436-37.

To determine a reasonable fee, the court must provide a concise but clear explanation of its reasons for the fee award, making subsidiary factual determinations regarding whether the requested hourly rate is reasonable, and whether the tasks reported by counsel were duplicative, unnecessary, or unrelated to the purposes of the lawsuit. *Hensley*, 461 U.S. at 437-39; *Associated Builders & Contractors*, 919 F.2d at 379. The Fifth Circuit has noted that its "concern is not that a complete litany be given, but that the findings be complete enough to assume a review which can determine whether the court has used proper factual criteria in exercising its discretion to fix just compensation." *Brantley v. Surles*, 804 F.2d 321, 325-26 (5th Cir. 1986).

In assessing the reasonableness of attorneys' fees, the court must first determine the "lodestar" by multiplying the reasonable number of hours expended and the reasonable hourly rate

for each participating attorney. *See Hensley*, 461 U.S. at 433; *Green v. Administrators of the Tulane Educ. Fund,* 284 F.3d 642, 661 (5th Cir. 2002); *Migis v. Pearle Vision, Inc.*, 135 F.2d 1041, 1047 (5th Cir.1998); *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir.1995). The fee applicant bears the burden of proof on this issue. *See Riley v. City of Jackson*, 99 F.3d 757, 760 (5th Cir.1996); *Kellstrom*, 50 F.3d at 324; *In re Smith*, 996 F.2d 973, 978 (5th Cir.1992).

1.  **Reasonable Hourly Rates**

Attached to Spectrum's counsel's motion is the affidavit of Robert Stefani, counsel for Spectrum, in which he attests to the hourly rate of Ashley Gonzalez and of paralegal Chantelle Haik and to the true and correct copies of the bills submitted to Spectrum in August and September, 2009. Turning to the time records compiled and submitted by Spectrum's counsel, this Court has been given no reason to doubt that the hourly rate of $155/hour for Gonzalez, an attorney with three years experience, is reasonable given counsel's ability, competence, experience and skill. This Court has sanctioned similar hourly rates for attorneys with similar years of experience. *See, e.g., Johnson v. Big Lots Stores, Inc.*, – F. Supp. 2d –, 2009 WL 1870862, at *3 (E.D. La. 2009) (awarding $300/hour for partners, $225/hour for associates, and $75/hour for paralegals); *Creecy v. Metro. Prop. & Cas. Ins., Co.*, 548 F. Supp. 2d 279, 285 (E.D. La. 2008) (Roby, M.J.) (sanctioning $175/hour for associate with five years experience); *Orrill v. Mortgage Elec. Registration Sys., Inc.*, Civ. A. No. 06-10012, 2009 WL 4861994, at *3 (E.D. La. Nov. 7, 2008) (Roby, M.J.) (sanctioning $150/hour for associate with four years experience).

However, given the Court's experience with the hourly rates of paralegals in this community and the case law, the Court finds that $120/hour for paralegal Chantelle Haik is unreasonable. After

a review of the case law, the Court finds that an hourly rate of $90/hour for a paralegal is reasonable. *See, e.g., Thompson v. Connick*, No. 07-30443, 2008 WL 5265197, at *26-27 (5th Cir. Dec.19, 2008) (approving hourly rates of $67 to $112 for paralegals as "at the upper range of what was reasonable in the" Eastern District of Louisiana from 2003 to 2007); *Collins v. Sanderson Farms*, 568 F. Supp. 2d 714, 728 (E.D. La. 2008) (awarding $95/hour for paralegals); *Wells v. Regency Hosp. Co.*, No. 07-3775, 2008 WL 5273712, at *3 (E.D. La. Dec.15, 2008) (Roby, M.J.) (reviewing cases and finding that $115 per hour for paralegal work was excessive and awarding $64 per hour); *Combe v. Life Ins. Co.*, No. 06-8909, 2008 WL 544547, at *3 (E.D. La. Feb.27, 2008) (Livaudais, J.) (awarding$70 per hour for paralegal work). Accordingly, the Court will adjust the fee award to reflect the decrease.

### 2. Reasonable Hours Expended

The Court must next determine whether the number of hours that plaintiff's counsel expended on the litigation was reasonable. The burden of proving the reasonableness of the hours expended is on the fee applicant. *Mota v. Univ. of Tex. Houston Health Science Ctr.*, 261 F.3d 512, 528 (5th Cir. 2001). As a general proposition, all time that is excessive, duplicative and/or unproductive should be excised from any award of attorney's fees. *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). Attorneys must exercise "billing judgment" by "writing off unproductive, excessive, or redundant hours" when seeking fee awards. *Walker v. U.S. Dep't of Hous. & Urban Dev.*, 99 F.3d 761, 769 (5th Cir. 1996). The fee seeker's attorneys "are charged with proving that they exercised billing judgment." *Id.* at 770. When billing judgment is lacking, the court *must* exclude from the lodestar calculation the hours that were not reasonably expended.

This Court has reviewed line by line the billing statement submitted on behalf of Spectrum's counsel and finds the hours expended by counsel to be reasonable. The billing statement reflects that plaintiff's counsel drafted the motion to compel, the memorandum in support thereof, the Rule 37.1E certificate, the notice of hearing. The billing statement also reflects that paralegal Chantelle Haik electronically filed the document, and reviewed and calendared this Court's order regarding oral argument. Although defendant does not challenge whether plaintiff's counsel exercised its "billing judgment," the Court's review of the billing statement satisfies it that Spectrum's counsel did so.

### 3. Defense Counsel's Objections

Defendant KMJ opposes plaintiff's motion on the ground that it produced discovery responses to plaintiff on October 6, 2009, the day before the scheduled oral hearing. KMJ thus argues that Spectrum's motion became moot. KMJ asserts that plaintiff knew that it was having difficulty in compiling the responses.

While defense counsel characterizes Spectrum's motion as a "preposterous attempt to squeeze money out of the defense," the fact remains that defendant failed to timely respond to plaintiff's discovery requests. That defendant produced discovery to Spectrum on the day before the hearing is of no moment. Rule 37 requires this Court to award attorneys' fees and costs when the discovery responses are produced *after* the filing of the motion to compel. Fed. R. Civ. P. 37(a)(5)(A) ("If the motion is granted – *or if the disclosure or requested discovery is provided after the motion was filed* – the court *must* . . . require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including

attorney's fees." (emphasis added)). This Court does not take lightly the Federal Rules of Civil Procedure and the time limitations imposed by them. Accordingly, defense counsel's arguments are without merit.

**III.    Conclusion**

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART Spectrum's Motion to Recover Attorneys' Fees [Doc. #17]. After the decrease in the hourly rate for paralegal Chantelle Haik, the Court awards attorneys' fees to plaintiff in the amount of $453.00.

**IT IS FURTHER ORDERED** that the oral hearing on the Motion to Recover Attorneys' Fees, currently scheduled on November 25, 2009, is CANCELLED.

**IT IS FURTHER ORDERED** that KMJ Services, Inc.'s Motion to Continue Hearing [Doc. #24] is DISMISSED AS MOOT.

New Orleans, Louisiana, this 20th day of November, 2009.

                                             *Daniel E. Knowles, III*
                                             **DANIEL E. KNOWLES, III**
                                             **UNITED STATES MAGISTRATE JUDGE**