**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| SPECTRUM COMMUNICATION SPECIALISTS, L.L.C. | CIVIL ACTION |
| VERSUS | NO. 09-159 |
| KMJ SERVICES, INC. AND BRAD BLANCHARD | SECTION "R"(3) |

## ORDER

Before the Court is the Motion to Recover Attorneys Fees [Doc. #39] filed by plaintiff

Spectrum Communication Specialists, L.L.C. ("Spectrum"). Defendants KMJ Services, Inc.

("KMJ") and Brad Blanchard have not filed a memorandum in opposition to the motion as required

by the Local Rules of this Court. Accordingly, the motion is deemed unopposed. For the following

reasons, the Court GRANTS Spectrum's Motion to Recover Attorneys Fees [Doc. #39].

## I.     Background

This is a contract dispute between Spectrum and KMJ, both parties to an Operating

Agreement for the vessel M/V MISS ELIZABETH. Spectrum sued KMJ, alleging, *inter alia*, breach

of contract.

On December 7, 2009, Spectrum filed a Motion to Compel Discovery Responses [Doc. #29].

This Court initially set the motion for oral hearing on January 6, 2010 [Doc. #30]. The Court then

reset the motion for oral hearing on January 20, 2010 [Doc. #34]. On January 19, 2010, this Court

granted Spectrum's motion as unopposed and cancelled the hearing [Doc. #37]. Spectrum now seeks its attorneys' fees under Federal Rule of Civil Procedure 37 for having had to file the motion to compel.

## II.     Analysis

### A.     THE LODESTAR APPROACH

The United States Supreme Court and the Fifth Circuit have oft-repeated that a request for attorneys' fees should not spawn major ancillary litigation. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *Associated Builders & Contractors of La., Inc. v. Orleans Parish School Bd.*, 919 F.2d 374, 379 (5th Cir.1990). A court's discretion in fashioning a reasonable attorney's fee is broad and reviewable only for an abuse of discretion, *i.e.*, it will not be reversed unless there is strong evidence that it is excessive or inadequate, or the amount chosen is clearly erroneous. *Hopwood v. State of Tex.*, 236 F.3d 256, 277, n.79 (5th Cir. 2000); *Hensley*, 461 U.S. at 436-37.

To determine a reasonable fee, the court must provide a concise but clear explanation of its reasons for the fee award, making subsidiary factual determinations regarding whether the requested hourly rate is reasonable, and whether the tasks reported by counsel were duplicative, unnecessary, or unrelated to the purposes of the lawsuit. *Hensley*, 461 U.S. at 437-39; *Associated Builders & Contractors*, 919 F.2d at 379. The Fifth Circuit has noted that its "concern is not that a complete litany be given, but that the findings be complete enough to assume a review which can determine whether the court has used proper factual criteria in exercising its discretion to fix just compensation." *Brantley v. Surles*, 804 F.2d 321, 325-26 (5th Cir. 1986).

In assessing the reasonableness of attorneys' fees, the court must first determine the

2

"lodestar" by multiplying the reasonable number of hours expended and the reasonable hourly rate

for each participating attorney. *See Hensley*, 461 U.S. at 433; *Green v. Administrators of the Tulane*

*Educ. Fund,* 284 F.3d 642, 661 (5th Cir. 2002); *Migis v. Pearle Vision, Inc.*, 135 F.2d 1041, 1047

(5th Cir.1998); *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir.1995). The fee

applicant bears the burden of proof on this issue. *See Riley v. City of Jackson*, 99 F.3d 757, 760 (5th

Cir.1996); *Kellstrom*, 50 F.3d at 324; *In re Smith*, 996 F.2d 973, 978 (5th Cir.1992).

### 1. Reasonable Hourly Rates

Attached to Spectrum's counsel's motion is the affidavit of Robert J. Stefani, counsel for

Spectrum, in which he attests to his hourly rate and those of associate attorney William D. Boyles

and of paralegal Chantelle Haik. Turning to the time records compiled and submitted by Spectrum's

counsel, this Court has been given no reason to doubt that the hourly rates of $260/hour in 2009 and

$275/hour in 2010 for Stefani, an attorney with twenty-three years experience, and $145/hour for

Boyles, an attorney with two years experience, are reasonable given counsels' ability, competence,

experience and skill. This Court has sanctioned similar hourly rates for attorneys with similar years

of experience. *See, e.g., Johnson v. Big Lots Stores, Inc.*, – F. Supp. 2d –, 2009 WL 1870862, at *3

(E.D. La. 2009) (awarding $300/hour for partners, $225/hour for associates, and $75/hour for

paralegals); *Creecy v. Metro. Prop. & Cas. Ins., Co.*, 548 F. Supp. 2d 279, 285 (E.D. La. 2008)

(Roby, M.J.) (sanctioning $175/hour for associate with five years experience); *Orrill v. Mortgage*

*Elec. Registration Sys., Inc.*, Civ. A. No. 06-10012, 2009 WL 4861994, at *3 (E.D. La. Nov. 7,

2008) (Roby, M.J.) (sanctioning $150/hour for associate with four years experience).

In addition, the Court finds that the hourly rate of $90/hour for paralegal Haik is reasonable

and has found reasonable such an hourly rate before. *See Spectrum Communication Specialists, L.L.C. v. KMJ Servs., Inc.*, Civ. A. No. 09-159, 2009 WL 4163524 (E.D. La. Nov. 23, 2009); *see also Thompson v. Connick*, No. 07-30443, 2008 WL 5265197, at *26-27 (5th Cir. Dec.19, 2008) (approving hourly rates of $67 to $112 for paralegals as "at the upper range of what was reasonable in the" Eastern District of Louisiana from 2003 to 2007); *Collins v. Sanderson Farms*, 568 F. Supp. 2d 714, 728 (E.D. La. 2008) (awarding $95/hour for paralegals); *Wells v. Regency Hosp. Co.*, No. 07-3775, 2008 WL 5273712, at *3 (E.D. La. Dec.15, 2008) (Roby, M.J.) (reviewing cases and finding that $115 per hour for paralegal work was excessive and awarding $64 per hour); *Combe v. Life Ins. Co.*, No. 06-8909, 2008 WL 544547, at *3 (E.D. La. Feb.27, 2008) (Livaudais, J.) (awarding$70 per hour for paralegal work). Accordingly, the Court will adjust the fee award to reflect the decrease.

### 2. Reasonable Hours Expended

The Court must next determine whether the number of hours that plaintiff's counsel expended on the litigation was reasonable. The burden of proving the reasonableness of the hours expended is on the fee applicant. *Mota v. Univ. of Tex. Houston Health Science Ctr.*, 261 F.3d 512, 528 (5th Cir. 2001). As a general proposition, all time that is excessive, duplicative and/or unproductive should be excised from any award of attorney's fees. *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). Attorneys must exercise "billing judgment" by "writing off unproductive, excessive, or redundant hours" when seeking fee awards. *Walker v. U.S. Dep't of Hous. & Urban Dev.*, 99 F.3d 761, 769 (5th Cir. 1996). The fee seeker's attorneys "are charged with proving that they exercised billing judgment." *Id.* at 770. When billing judgment is lacking, the court *must*

4

exclude from the lodestar calculation the hours that were not reasonably expended.

This Court has reviewed line by line the billing statement submitted on behalf of Spectrum's counsel and finds the hours expended by counsel to be reasonable. The billing statement reflects that plaintiff's counsel drafted the motion to compel, the memorandum in support thereof and the notice of hearing. The statement also reveals that the parties' reviewed defendants' discovery responses. The billing statement also reflects that paralegal Chantelle Haik organized, labeled and scanned the exhibits, electronically filed the documents and reviewed and calendared this Court's order regarding oral argument. The Court notes that the attorneys' fees here are greater than those awarded in the Court's earlier order [Doc. #27] because the instant motion to compel challenged the deficiency in defendants' responses and not simply defendants' failure to respond. While defendant does not challenge whether plaintiff's counsel exercised its "billing judgment," the Court's review of the billing statement satisfies it that Spectrum's counsel did so.

## III.   Conclusion

For the foregoing reasons, the Court GRANTS Spectrum's Motion to Recover Attorneys Fees [Doc. #39]. The Court awards attorneys' fees to plaintiff in the amount of $1,724.50.

**IT IS FURTHER ORDERED** that the oral hearing on the Motion to Recover Attorneys Fees, currently scheduled on March 10, 2010, is CANCELLED.

New Orleans, Louisiana, this 4th day of March, 2010.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**