UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SPECTRUM COMMUNICATION                           CIVIL ACTION
SPECIALISTS, LLC

VERSUS                                           NO. 09-159

KMJ SERVICES, INC. AND                           DIVISION 3
BRAD BLANCHARD

**ORDER**

On January 11, 2012, defendants' Motion for New Trial, or Alternatively Motion to Alter or Amend Judgment Pursuant to Rule 59 [Doc. #97] came on for oral hearing before the undersigned. Present were Robert Stefani on behalf of plaintiff Spectrum Communication Specialists, L.L.C. ("Spectrum") and David Ardoin on behalf of defendants KMJ Services, Inc. and Brad Blanchard (collectively, "KMJ"). After the oral hearing, the Court took the motion under advisement. Having reviewed the motion, the opposition, the case law and the parties' arguments, the Court rules as follows.

**I.     Background**

This is a contract dispute. Pertinent to this motion, Spectrum and KMJ were parties to an Operating Agreement ("the Agreement") for the vessel M/V MISS ELIZABETH and under which Spectrum was to compensate KMJ for all out-of-pocket costs plus a fee of eight per cent. KMJ was to remit all other monies to Spectrum. KMJ was to invoice Spectrum for the costs and the fee.

KMJ operated the vessel from February 2007 to October 2007, when it returned the vessel to Spectrum after Spectrum terminated the agreement. KMJ failed to provide Spectrum with any invoices as to the costs incurred in the operation of the vessel.

On January 20, 2009, Spectrum sued defendants, alleging breach of contract, unjust enrichment, alter ego and for attorneys' fees and costs in connection with the alleged breach of the Agreement. At the time the parties proceeded to trial, Spectrum sought $102,212.97 due and owing it under the Agreement.

In their answer, defendants denied that Spectrum sustained any damages as alleged in its complaint and responded that Spectrum had "failed to exercise reasonable care and diligence to prevent avoidable consequences of this damage, resulting in a failure to mitigate [its] damage . . ." [Doc. #7 at p. 6]. Defendants also responded that the Agreement attached to plaintiff's complaint is not the governing Agreement between the parties and that defendant breached no contractual or legal duty owed to Spectrum. Further, defendants asserted a counterclaim against Spectrum, arguing that they are entitled to a set-off for the out-of-pocket expenses, maintenance costs, crew costs and any other related costs incurred in their operation of the vessel. At the time the parties proceeded to trial, defendants argued that Spectrum owed them $10,967.93.

On June 20, 2011, the Court held a one-day bench trial. On November 23, 2011, ruled in favor of Spectrum, finding that KMJ breached the Agreement, and Spectrum was entitled to damages in the amount of $26,158.07. The amount of damages to Spectrum included a deduction of crew costs that KMJ incurred in the amount of $18,282.00 before the commencement date of the Agreement.

II.     **The Parties' Arguments**

### A. KMJ's Motion for New Trial

Citing this Court's opinion, KMJ points out that this Court stated that "while [it] notes that the testimony at trial supported KMJ's contention that the crew was necessary before the effective date of the agreement to ready the vessel and to obtain the Coast Guard Certificate of Inspection [("COI")], nothing in the unambiguous agreement allows KMJ to charge Spectrum for the costs of the crew before March 10, 2007." KMJ argues that the Court should grant its motion to correct a manifest error of law because, the Agreement notwithstanding, KMJ asserted a counterclaim for unjust enrichment and pleaded the affirmative defense of set-off for the costs of the crew before the effective date of the Agreement. In short, KMJ asserts that this Court ignored its claim for unjust enrichment.

KMJ contends that without the aforementioned crew labor, the vessel could not have been placed into service nor obtained the COI. KMJ asserts that the Court's opinion results in a windfall to Spectrum, a windfall that unjust enrichment is specifically designed to avoid.

### B. Spectrum's Opposition

Spectrum first argues that KMJ has waived any claim for unjust enrichment because it failed to include the claim itself or any facts to support such a claim in the Pre-Trial Order. Spectrum also notes that KMJ failed to include any facts to support such a claim in its post-trial Proposed Findings of Fact and Conclusions of Law. Citing *Elvis Presley Enterprises, Inc. v. Capace*, 141 F.3d 188, 206 (5th Cir. 1998), Spectrum notes that the Fifth Circuit has held that a claim or defense is waived if it is not included in the pre-trial order even if it appeared in an earlier pleading.

Alternatively, Spectrum contends that KMJ's claim for unjust enrichment fails as a matter of law because KMJ had an adequate remedy at law under its claim for breach of contract. Citing

3

the elements of a claim for unjust enrichment under Louisiana law, Spectrum notes that it is well-settled Louisiana law that a remedy for breach of contract precludes recovery for unjust enrichment based on the same alleged conduct. Spectrum notes that this Court awarded KMJ damages in the amount of $10,967.93 under the Agreement. This award, Spectrum contends, necessarily implies the rejection of KMJ's claim for unjust enrichment.

Lastly, Spectrum argues that KMJ was aware of what services, if any, it had to provide to the vessel before the effective date of the Agreement. Spectrum argues that KMJ had the opportunity to negotiate either the effective date of the Agreement or that the Agreement cover such crew costs.

### III. Law and Analysis

#### A. Legal Standard

##### 1. Motion for New Trial

Under Federal Rule of Civil Procedure 59(a), a district court may grant a new trial "on all or part of the issues . . . as follows: . . . after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court." Fed. R. Civ. P. 59(a)(1)(B). The decision to grant or deny a motion for a new trial is within the trial court's sound discretion and is not subject to review on appeal except for an abuse of that discretion. *See Young v. City of New Orleans*, 751 F.2d 794, 798 (5th Cir. 1985); *Pryor v. Trane Co.*, 138 F.3d 1024, 1026 (5th Cir. 1985); *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993); *Shows v. Jamison Bedding, Inc.*, 671 F.2d 927, 930 (5th Cir. 1982); *Oyefodun v. The City of New Orleans*, No. 98-CV-3283, 2001 WL 775574, at *2 (E.D. La. July 9, 2001). Rule 59(a) does not specify the grounds on which a court may grant a new trial. However, the Fifth Circuit has identified the following as grounds for granting a new trial: the verdict is against the weight of the evidence; the

4

damages awarded are excessive or inadequate; the trial was unfair; or prejudicial error was committed during the course of the trial. *See Smith v. Transworld Drilling Co.*, 773 F.2d 610, 613 (5th Cir. 1985).

### 2. Motion to Amend Judgment

Federal Rule of Civil Procedure 59(e) provides that "any motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment." Fed. R. Civ. P. 59(e). District courts may exercise substantial discretion in determining whether to grant or deny a motion to alter or amend judgment pursuant to Rule 59(e). *See Weber v. Roadway Express, Inc.*, 199 F.3d 270, 276 (5th Cir. 2000); *Edward H. Bohlin Co., Inc. v. Banning Co.*, Inc., 6 F.3d 350, 355 (5th Cir. 1993); *Turner v. Pleasant*, No. 01-CV-3572, 2004 WL 612960, at *1 (E.D. La. Mar.25, 2004). However, the reconsideration of a prior order is "an extraordinary remedy" that should be used sparingly and should not be used to present new evidence or arguments that could have been offered or raised prior to the entry of judgment. *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *see also Fields v. Pool Offshore, Inc.*, No. 97-CV-3170, 1998 WL 43217, at *2 (E.D. La. Feb.3, 1998); *Bardwell v. George G. Sharp, Inc.*, No. 93-CV-3590, 1995 WL 517120, at *1 (E.D. La. Aug.30, 1995). In considering a Rule 59(e) motion, a court must attempt to strike a balance between two significant interests – finality and the need to render a just decision. *Bohlin*, 6 F.3d at 355. As noted in *Flynn v. Terrebonne Parish School Board*, 348 F. Supp. 2d 769, 771 (E.D. La.2004), "courts in this district hold that a moving party must satisfy at least one of the following criteria to prevail on a Rule 59(e) motion: (1) the motion is necessary to correct a manifest error of fact or law; (2) the movant presents newly discovered or previously unavailable evidence; (3) the motion is necessary in order to prevent manifest injustice; or (4) the motion is justified by an

5

intervening change in the controlling law." The standards that apply to Rule 59(e) favor denial of a motion to alter or amend a judgment. *S. Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993).

**B.     Analysis**

KMJ's only argument here is that the Court committed a manifest error of law when it failed to consider KMJ's claim for unjust enrichment as to the crew costs. The Court finds this argument meritless. First, the Court finds that Spectrum is correct, and KMJ waived any claim for unjust enrichment. The Fifth Circuit has explicitly held:

> "'It is a well-settled rule that a joint pretrial order signed by both parties supersedes all pleadings and governs the issues and evidence to be presented at trial.'" *McGehee v. Certainteed Corp.*, 101 F.3d 1078, 1080 (5th Cir. 1996) (quoting *Branch–Hines v. Hebert*, 939 F.2d 1311, 1319 (5th Cir. 1991)). The claims, issues, and evidence are narrowed by the pretrial order, thereby narrowing the trial to expedite the proceeding. *See Flannery v. Carroll*, 676 F.2d 126, 129 (5th Cir. 1982); *see also Branch–Hines*, 939 F.2d at 1319 (finding that the pretrial order asserted the plaintiff's full range of damages); *Morales v. Turman*, 535 F.2d 864, 867 n.7 (5th Cir. 1976) (noting that a pretrial order can be relied upon to indicate the nature of the relief requested), *rev'd on other grounds*, 430 U.S. 322, 97 S. Ct. 1189, 51 L. Ed.2d 368 (1977). Once the pretrial order is entered, it controls the course and scope of the proceedings under Federal Rule of Civil Procedure 16(e), and if a claim or issue is omitted from the order, it is waived, *even if it appeared in the complaint*. *See Valley Ranch Dev. Co. v. FDIC*, 960 F.2d 550, 554 (5th Cir. 1992) (citing *Flannery*, 676 F.2d at 129–30).

*Elvis Presley Enters., Inc. v. Capece*, 141 F.3d 188, 206 (5th Cir. 1998) (emphasis added). The Court's review of the pre-trial order reveals that while *Spectrum* asserted a claim for unjust enrichment against KMJ in the Second Amended and Restated Pretrial Order [Doc. #87 at § 9, ¶ 8], *KMJ* failed to do so. And neither did KMJ include such a claim or facts to support recovery under such a claim in its Findings of Fact and Conclusions of Law [Doc. #89].

At the oral hearing, KMJ argued that a catchall phrase in the pre-trial order preserved its claim for unjust enrichment. After the Court's review of the pre-trial order, the Court can only

surmise that KMJ argues that it preserved its claim for unjust enrichment by including the phrase "[a]ll issue of law implicit in the facts and pleadings of this matter" in the section entitled "Contested Issues of Law." [Doc. #87 at § IX, ¶ 1]. The Court finds that such a catchall provision is insufficient to preserve a specific claim for unjust enrichment, especially given that KMJ presented no legal argument on the claim at trial and failed to include any mention of the claim in its post-trial memorandum. District courts are encouraged to construe pretrial orders narrowly without fear of reversal. *Martin v. Lee*, 378 Fed. Appx. 393, 395 (5th Cir. 2010) (citing *Flannery v. Carroll*, 676 F.2d 126, 129-130 (5th Cir.1982) (the district court did not abuse its discretion where it narrowly construed the pretrial order to exclude certain claims, despite slight reference to those claims in the order)). This Court construes the pre-trial order here narrowly, and finds that KMJ waived its claim.

Even were the Court to find that KMJ had not waived its claim for unjust enrichment, the Court finds that KMJ can not satisfy the fifth element of such a claim under Louisiana law. The required elements of such a claim are (1) an enrichment, (2) an impoverishment, (3) a connection between the enrichment and the impoverishment, (4) an absence of justification or cause for the enrichment and impoverishment, and (5) *no other available remedy at law*. *Conerly Corp. v. Regions Bank*, Civ. A. No. 08-813, 2008 WL 4975080 (E.D. La. Nov.20, 2008) (citing *Baker v. Maclay Props. Co.*, 648 So.2d 888, 897 (La. 1995)) (emphasis added); *Garber v. Badon & Ranier*, 981 So.2d 92, 99-100 (La. Ct. App. 2008) (citing La. Civ.Code art. 2298; Baker, 648 So.2d at 897). As Louisiana federal and state courts have often held,

> it is not the success or failure of other causes of action, but rather the existence of other causes of action, that determine whether unjust enrichment can be applied. "[U]njust enrichment principles are only applicable to fill a gap in the law where no express remedy is provided." "An action for unjust enrichment is allowed only when the plaintiff has no other remedy at law. . . . [When] there is a rule of law directed to the issue, an action must not be allowed to defeat the purpose of said rule." Further,

7

> [the Louisiana Supreme Court] held that the existence of a claim on an express or implied contract precludes application of the unjust enrichment theory, because the potential claim constitutes a practical remedy at law available to the impoverishee.

*Garber*, 981 So.2d at 100 (quoting *La. Nat'l Bank v. Belello*, 577 So.2d 1099, 1102 (La. Ct. App. 1991).

Here, KMJ had – and asserted – a counter-claim for breach of the Agreement. Accordingly, because KMJ possessed a claim for breach of contract under Louisiana law, its claim for unjust enrichment is precluded because it had an adequate remedy at law. At the oral hearing, KMJ argued that the costs of the crew were needed to effectuate the Agreement and thus, simply because the Agreement existed, its claim for unjust enrichment survives. KMJ cited the Court to no law – and this Court has found none – that would support its argument. Under Louisiana law, the mere existence of a contract and the corresponding remedy for the breach thereof precludes a claim for unjust enrichment.

## IV.  Conclusion

For the foregoing reasons,

**IT IS ORDERED** that defendants' Motion for New Trial, or Alternatively Motion to Alter or Amend Judgment Pursuant to Rule 59 [Doc. #97] is DENIED.

New Orleans, Louisiana, this 18th day of January, 2012.

　　　　　　　　　　　　　　　　_Daniel E. Knowles, III_
　　　　　　　　　　　　　　　　**DANIEL E. KNOWLES, III**
　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**