**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**SPECTRUM COMMUNICATION**               **CIVIL ACTION**
**SPECIALISTS, LLC**

**VERSUS**                                      **NO. 09-159**

**KMJ SERVICES, INC. AND**                 **DIVISION 3**
**BRAD BLANCHARD**

**ORDER**

Before the Court is the Motion to Assess Attorneys' Fees and Expenses [Doc. #105] filed by plaintiff Spectrum Communication Specialists, L.L.C. ("Spectrum").  Defendants KMJ Services, Inc. and Brad Blanchard (collectively, "KMJ") oppose the motion.  For the following reasons, the Court grants the motion in part as outlined below.

**I.**       **Background**

This is a contract dispute.  Pertinent to this motion, Spectrum and KMJ were parties to an Operating Agreement  ("the Agreement") for the vessel M/V MISS ELIZABETH and under which Spectrum was to compensate KMJ for all out-of-pocket costs plus a fee of eight per cent.  KMJ was to remit all other monies to Spectrum.  KMJ was to invoice Spectrum for the costs and the fee.

KMJ operated the vessel from February 2007 to October 2007, when it returned the vessel to Spectrum after Spectrum terminated the agreement.  KMJ failed to provide Spectrum with any invoices as to the costs incurred in the operation of the vessel.

On January 20, 2009, Spectrum sued defendants, alleging breach of contract, unjust enrichment, alter ego and for attorneys' fees and costs in connection with the alleged breach of the Agreement.  At the time the parties proceeded to trial, Spectrum sought $102,212.97 due and owing it under the Agreement.

In their answer, defendants denied that Spectrum sustained any damages as alleged in its complaint and responded that Spectrum had "failed to exercise reasonable care and diligence to prevent avoidable consequences of this damage, resulting in a failure to mitigate [its] damage . . ." [Doc. #7 at p. 6].  Defendants also responded that the Agreement attached to plaintiff's complaint is not the governing Agreement between the parties and that defendant breached no contractual or legal duty owed to Spectrum.          Further, defendants asserted a counterclaim against Spectrum, arguing that they are entitled to a set-off for the out-of-pocket expenses, maintenance costs, crew costs and any other related costs incurred in their operation of the vessel.  At the time the parties proceeded to trial, defendants argued that Spectrum owed them $10,967.93.

On June 20, 2011, the Court held a one-day bench trial.  On November 23, 2011, the Court ruled in favor of Spectrum, finding that KMJ breached the Agreement, and Spectrum was entitled to damages in the amount of $26,158.07.  The amount of damages to Spectrum included a deduction of crew costs that KMJ incurred in the amount of $18,282.00 before the commencement date of the Agreement.  Spectrum now seeks $109,255.00 in attorneys' fees and $13,975.35 in costs under the terms of the Agreement.[1]

## II.    Law and Analysis

---

[1]     KMJ advances no argument that Spectrum is not entitled to attorneys' fees and costs under the Agreement, and the Court finds that the clear language in the Agreement would preclude such an argument.

A.       **The Lodestar Approach**

The United States Supreme Court and the Fifth Circuit have oft-repeated that a request for attorneys' fees should not spawn major ancillary litigation. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *Associated Builders & Contractors of La., Inc. v. Orleans Parish School Bd.*, 919 F.2d 374, 379 (5th Cir.1990).  A court's discretion in fashioning a reasonable attorney's fee is broad and reviewable only for an abuse of discretion, *i.e.*, it will not be reversed unless there is strong evidence that it is excessive or inadequate, or the amount chosen is clearly erroneous.  *Hopwood v. State of Tex.*, 236 F.3d 256, 277, n.79 (5th Cir. 2000);  *Hensley*, 461 U.S. at 436-37.

To determine a reasonable fee, the court must provide a concise but clear explanation of its reasons for the fee award, making subsidiary factual determinations regarding whether the requested hourly rate is reasonable, and whether the tasks reported by counsel were duplicative, unnecessary, or unrelated to the purposes of the lawsuit.  *Hensley*, 461 U.S. at 437-39, 103 S.Ct. at 1941-43; *Associated Builders and Contractors*, 919 F.2d at 379.  The Fifth Circuit has noted that its "concern is not that a complete litany be given, but that the findings be complete enough to assume a review which can determine whether the court has used proper factual criteria in exercising its discretion to fix just compensation." *Brantley v. Surles*, 804 F.2d 321, 325-26 (5th Cir. 1986).

In assessing the reasonableness of attorneys' fees, the court must first determine the "lodestar" by multiplying the reasonable number of hours expended and the reasonable hourly rate for each participating attorney.  *See Hensley*, 461 U.S. at 433;  *Green v. Administrators of the Tulane Educ. Fund,*  284 F.3d 642, 661 (5th Cir. 2002);  *Migis v. Pearle Vision, Inc.*, 135 F.2d 1041, 1047 (5th Cir.1998);  *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir.1995). The fee applicant bears the burden of proof on this issue. *See Riley v. City of Jackson*, 99 F.3d 757, 760 (5th

Cir.1996);  *Kellstrom*, 50 F.3d at 324; *In re Smith*, 996 F.2d 973, 978 (5th Cir.1992).

### 1.    Reasonable Hourly Rates

While KMJ contends that Spectrum failed to present evidence to the Court of the hourly billing rates of counsel, that is incorrect.  Attached to Spectrum's memorandum is the affidavit of Robert Stefani, lead counsel for Spectrum, in which he outlines the hourly rate of each attorney and paralegal who worked on this lawsuit.  Spectrum seeks: (1) $295.00/hour in 2012, $285.00/hour in 2011, $265.00/hour in 2010, $255.00/hour in 2008 and 2009, and $245.00/hour in 2007 for lead counsel Stefani, a partner with 24 years of experience; (2) $270.00/hour for James Bercaw, a partner with 20 years of experience; (3) $175.00/hour in 2012, $165.00/hour in 2011, and $160.00 in 2010 for William D. Boyles, an attorney with over three years of experience; (4) $170.00/hour in 2012, $165.00/hour in 2010, $155.00/hour in 2009 and $145.00/hour in 2008 for Ashley P. Gonzalez, an attorney with over five years of experience; (5) $135.00/hour for the years 2007 and 2008 for Justin M. Chopin, an associate with over four years of experience; (6) $155.00/hour in 2011 for Aurora Bryant, an associate with two years of experience; (7) $140.00/hour in 2012, $135.00/hour in 2010, $120.00/hour in 2009, $115.00/hour in 2008 and $105.00/hour for Chantelle Haik, a paralegal with eight years of experience; and (8) $130.00/hour in 2010 for Christina Womack, a paralegal with 13 years of experience.  [Ex. A, attached to Pl.'s Mem. Supp. at ¶ 13].

With regard to the hourly rates of the attorneys, this Court's review of the case law in this district for the past two years reveals that the requested hourly rates are reasonable based on the practice of law in this district. *See, e.g., Johnson v. Big Lots Stores, Inc.*, 639 F. Supp. 2d 696, 701 (E.D. La. 2009) (awarding $300.00/hour for partners, $225.00/hour for associates, and $75.00/hour for paralegals)*; Entergy La., L.L.C. v. The Wackenhut Corp.*, Civ. A. No. 09-7367, 2010 WL

4812921 (E.D. La. Nov. 17, 2010) (awarding $175.00/hour to attorney with 16 years of experience); *Wilson v. Tulane Univ.*, Civ. A. No. 09-7451, 2010 WL 3943543 (E.D. La. Oct. 4, 2010) (awarding $250.00/hour and $160.00 hour to attorneys with 25 and four years experience respectively); *Hebert v. Rodriguez*, Civ. A. No. 08-5240, 2010 WL 2360718 (E.D. La. June 8, 2010) (awarding $300.00/hour to attorney with 33 years of experience); *Gulf Coast Facilities Mgmt, L.L.C. v. BG LNG Servs., L.L.C.*, Civ. A. No. 09-3822, 2010 WL 2773208 (E.D. La. July 13, 2010) (awarding $300.00/hour to attorneys with 17 years experience and $180.00/hour and $135.00/hour to attorneys with seven years and two years experience respectively); *Belfor USA Group, Inc. v. Bellemeade Partners, L.L.C.*, Civ. A. No. 09-158, 2010 WL 6300009 (E.D. La. Feb. 19, 2010) (awarding $210.00/hour, $250.00/hour and $180.00/hour to attorneys with 20, ten and four years experience respectively); *Marks v. Standard Fire Ins. Co.*, Civ. A. No. 09-1947, 2010 WL 487403 (E.D. La. Feb. 3, 2010) (awarding $185.00/hour to attorney with seven years of experience).

Indeed, in this Court's most recent opinion on attorney's fees, the Court approved $350.00/hour for two partners with 30 and 36 years of experience and $200.00/hour and $180.00/hour for associates with four and two years of experience respectively. *Const. South, Inc. v. Jenkins*, Civ. A. No. 11-1201, 2001 WL 3882271, *2 (E.D. La. July 29, 2011). Considering the prevailing market rates in the Greater New Orleans area and this District's case law, the Court finds that Spectrum has submitted sufficient evidence to the Court to support the hourly rates of the attorneys.

However, the Court finds that the hourly rates of the paralegals require an adjustment based on the practice of law in this district. As Spectrum correctly notes, this Court awarded only $90.00/hour for paralegal Chantelle Haik when it awarded attorneys' fees on the motions submitted

after the Court granted two earlier motions to compel, and the case law supported the hourly rate. *See Spectrum Comm'cn Specialists, L.L.C. v. KMJ Servs.*, Civ. A. No. 09-159, 2010 WL925299, *2 (E.D. La. Mar. 9, 2010) (and case law cited therein); *Spectrum Comm'cn Specialists, L.L.C. v. KMJ Servs.*, Civ. A. No. 09-159, 2009 WL 4163524, *2 (E.D. La. Nov. 23, 2009) (and case law cited therein). Accordingly, the Court finds that $90.00/hour is a reasonable hourly rate for a paralegal in this district. The Court will thus reduce the fees sought by $8,448.50.

### 2. Reasonable Hours Expended

The Court must next determine whether the number of hours that plaintiff's counsel expended on the litigation was reasonable. The burden of proving the reasonableness of the hours expended is on the fee applicant. *Mota v. Univ. of Tex. Houston Health Science Ctr.*, 261 F.3d 512, 528 (5th Cir. 2001). As a general proposition, all time that is excessive, duplicative, and/or unproductive should be excised from any award of attorney's fees. *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). Attorneys must exercise "billing judgment" by "writing off unproductive, excessive, or redundant hours" when seeking fee awards. *Walker v. U.S. Dep't of Hous. & Urban Dev.*, 99 F.3d 761, 769 (5th Cir. 1996). The fee seeker's attorneys "are charged with proving that they exercised billing judgment." *Id.* at 770. When billing judgment is lacking, the court *must* exclude from the lodestar calculation the hours that were not reasonably expended.

The Court's review of the attorney billing statements reveals that the attorneys here – for the most part – exercised billing judgment. The Court's review reveals no excessive, duplicative and or unproductive hourly rates. Indeed, in his affidavit, Stefani attests that he has already written off fees in the amount of $18,806.00, which, in his billing judgment, he deemed unproductive, excessive or duplicative. [Ex. A, attached to Pl.'s Mem. Supp. at ¶ 11]. This included the duplicative time

entries of Boyles for his participation in the trial, the time expended by attorneys in the preparation of post-trial memoranda, including drafting Spectrum's opposition to KMJ's motion for a new trial and this fee application. [*Id.*].  The Court also notes that this case has dragged on for over three years now, and the time entries reflect the typical tasks of attorneys who work on a lawsuit from its inception through trial.

KMJ raises several arguments that Spectrum's hours were not reasonably expended, which arguments this Court will address in turn.  KMJ first argues that Spectrum is not entitled to 38.3 hours for a total of $7,281.00 in connection with securing the re-delivery of the vessel.  KMJ contends that because this Court explicitly found that KMJ did not breach the Agreement with regard to the re-delivery of the vessel, Spectrum is not entitled to such fees.  The Court finds merit to this argument.  In its opinion, the Court explicitly found that the facts of this case did not support the conclusion that KMJ breached the Agreement by failing to cooperate with Spectrum in the re-delivery of the vessel.  Spectrum exercised its right to terminate the Agreement on September 18, 2007, and, on October 17, 2007, took possession of the vessel.  The Court thus finds that $7,281.00 to repossess the vessel is excessive.  The Court will strike these fees.

KMJ also contends that Spectrum is not entitled to recover fees to secure the insurance proceeds for the failed generator.  The Court rejects this argument.  While the Court did not explicitly find that KMJ was responsible for the failed generator, the Court notes that Spectrum recovered $29,158.07 in insurance proceeds that KMJ withheld from it until expense and litigation had ensued.  There was thus a legitimate legal dispute between the parties with regard to the insurance proceeds, and Spectrum is entitled to its fees to recover them.

The Court also rejects KMJ's argument that Spectrum is not entitled to fees for two motions

to compel and for sanctions because the Court already awarded such fees to it.  As Spectrum notes, it already deducted the fee awards of $453.00 and $1,724.50 that the Court rendered in ruling on the motions.  This argument is thus without merit.

For the foregoing reasons, and taking into account the deductions of $8,448.50 and $7,281.00, the Court finds that an award of attorneys' fees in the amount of $93,525.50 is reasonable here.

### 3.      The *Johnson* Factors

The lodestar should be enhanced or reduced only in exceptional cases.  *Watkins*, 7 F.3d at 457 (citing *City of Burlington*, 505 U.S. at 562).  This is not such a case.  In making this determination, the factors articulated in *Johnson* have been considered and applied, as required by the Fifth Circuit.  *Riley*, 99 F.3d at 760; *LP & L*, 50 F.3d at 331.   This Court evaluates the *Johnson* factors as follows:

(1) The time and labor required have already been considered in reaching the lodestar;

(2) The questions involved in this case were not so novel or difficult as to require an upward adjustment;

(3) The skill required to perform the legal service properly is connected to the second factor and has already been taken into account in Spectrum's counsel's hourly rate;

(4) Spectrum's counsel does not contend that the firm was precluded from taking other employment and the Fifth Circuit has held that this factor is already "fully reflected and subsumed in the lodestar amount;"[2]

(5) After the reductions discussed above, the fees charged were customary;

---

[2]       *Heidtman*, 171 F.3d at 1043.

(6) No contingency contract is at issue and, as a matter of law, a contingent fee contract cannot be used to affect the lodestar;

(7) There were no significant time limitations imposed by the circumstances;

(8) The result obtained by Spectrum's counsel was a success, which has already been taken into account;

(9) The experience, reputation and ability of counsel has already been considered in determining the lodestar;

(10) Neither Spectrum nor KMJ contend that the case was undesirable;

(11) Spectrum's relationship with counsel is unknown; and

(12) Neither Spectrum nor KMJ has identified any factually apposite cases to compare for purposes of adjusting the quantum of the fee award.

Neither Spectrum nor KMJ convinces the Court that an upward or downward adjustment is warranted here.[3]  None of the twelve factors weighs in favor of enhancement.  Moreover, in light of the reductions previously made, no further downward adjustment is warranted.

**B.     Costs**

Spectrum also seeks $13,975.35 in costs.  Costs other than attorneys' fees shall be allowed as a matter of course to the prevailing party unless the court otherwise directs.  Fed. R. Civ. P. 54(d). Section 1920 provides that a prevailing party may recover the following costs:

(1)     Fees of the clerk and marshal;
(2)     Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3)     Fees and disbursements for printing and witnesses;

---

[3]     As noted in their reply memorandum, Spectrum does not truly argue that an upward adjustment is warranted.

(4)     Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5)     Docket fees under section 1923 of this title;

(6)     Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920(1)-(6). A court may award only those costs specified in Section 1920 unless there is explicit statutory or contractual authority to the contrary. *Mota v. Univ. of Texas Houston Health Science Ctr.*, 261 F.3d 512, 529 (5th Cir.2001). Allowable costs are limited to these categories, and expenses that are not authorized by statute must be borne by the party incurring them. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987).

When cost-seekers neglect to supply any verification that the costs claimed were "necessarily incurred in the case" and instead state only that the costs were expended "in the preparation and litigation of this case," the district court does not abuse its discretion by denying all costs except filing fees. *Photosomone v. Allison Reed Group, Inc.*, 984 F.2d 4, 9 (1st Cir. 1993); *accord Home Builders Ass'n v. City of Madison*, 191 F.R.D. 515, 517, 518, 519 (N.D. Miss. 1999) (citing *Fogleman v. ARAMCO*, 920 F.2d 278, 286 (5th Cir. 1991); *Studiengesellschaft Kohle v. Eastman Kodak*, 713 F.2d 128, 133 (5th Cir. 1983)).

The Court finds that Spectrum is not entitled to many of its costs as such costs are not recoverable under Section 1920. Generally, costs for computer-related legal research is an expense of counsel and not taxable. *See U.S. for Use and Benefit of Evergreen Pipeline Const. Co., Inc. v. Merritt Meridian Const. Corp.*, 95 F.3d 153 (2nd Cir. 1996) (finding that district court did not abuse its discretion in declining to award plaintiff costs for computer research; such research is merely a substitute for an attorney's time that is compensable under an application for attorney's fees and is not separately a taxable cost*); see also Attrezzi, LLC v. Maytag Corp.*, 436 F.3d 32 (1st Cir. 2006)

10

(finding that expenses for items such as attorney travel and computer assisted legal research are not deemed "costs" within the meaning of the federal statute that provides for recovery of costs by a prevailing party); *Montgomery v. Aetna Plywood, Inc.*, 231 F.3d 399 (7th Cir. 2000) (holding that as a form of attorney's fees, charges associated with computer-assisted legal research are not separately recoverable expenses); *Jones v. Unisys Corp.*, 54 F.3d 624 (10th Cir. 1995) (finding that costs for computer legal research are not statutorily authorized, and district court should sparingly exercise its discretion with regard to expenses not specifically allowed by statute); *Haroco, Inc. v. Am. Nat. Bank & Trust Co. of Chicago*, 38 F.3d 1429 (7th Cir. 1994) (holding that computer research expenses are considered "attorneys fees," and not taxable "costs," since added cost of computerized research is normally matched with corresponding reduction in the amount of time an attorney must spend researching; there is no difference between the situation where an attorney researches manually and bills only time spent and the situation where an attorney does research on a computer and bills for both time and computer fee); *Leftwich v. Harris-Stowe State Coll.*, 702 F.2d 686 (8th Cir. 1983) (holding that computer-aided research, like any other form of legal research, is a component of an attorney's fees and cannot be independently taxed as an item of cost in addition to an attorney's fee award); *Embotelladora Agral Regiomontana, S.S. de C.V. v. Sharp Capital, Inc.*, 952 F. Supp. 415 (N.D. Tex. 1997) (finding that expenses incurred for computer-assisted legal research are not recoverable under § 1920). Accordingly, the Court denies any request for costs for computer-related legal research.

As noted, counsel for plaintiff also seeks copying costs. The cost of copies of papers may be taxed under Section 1920(4) if "necessarily obtained for use in the case." Copies may be deemed necessary even if not used in the trial of the matter. *Piester v. IBM Corp.*, 201 F.3d 428, 1998 WL

11

1267929, *2 (1st Cir. May 14, 1998).  Consequently, in order for copies to be taxable in a case, the party seeking to tax the costs must show some evidence of necessity.  *Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994).  Photocopying costs for the convenience, preparation, research, or records of counsel may not be recovered.  *Grady v. Bunzl Packaging Supply Co.*, 161 F .R.D. 477, 479 (N.D. Ga. 1995).

Spectrum's counsel has not provided any information as to the necessity of the photocopies sought to be included in costs. This Court has no method of determining the necessity without additional information.  Consequently, this item of costs is disallowed.

In addition, postage is not recoverable as a cost because it is not listed in Section 1920. *Johnson v. State*, No. 98-266T, 2000 WL 303305, at *14 (D.R.I.  Mar. 22, 2000); *Yasui v. Maui Elec. Co.*, 78 F. Supp. 2d 1124, 1126 (D. Haw. 1999); *Embotelladora*, 952 F. Supp. at 417 (citations omitted). "Telecopy expenses, express delivery charges, and telephone expenses, like postal expenses, are not listed in the statute and represent 'overhead' costs, not litigation costs." *Id.* (citations omitted); *see also Yasui*, 78 F. Supp. 2d at 1129, 1130 (facsimile and long distance charges not taxable as costs); *cf. Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1048 (5th Cir. 1998) (court did not abuse its discretion in denying costs of couriers, postage and copying).  The Court thus disallows such costs.

Furthermore, "the travel expenses of attorneys are not recoverable under § 1920." *Embotelladora*, 952 F. Supp. at 418 (citing *Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 891 (5th Cir. 1993); *Roche v. City of Normandy*, 566 F. Supp. 37, (E.D. Mo. 1983)); *accord Hodge v. Seiler*, 558 F.2d 284, 287 (5th Cir. 1977); *Odom*, 782 F. Supp. at 52.  The Court will not allow Spectrum to recover costs for travel.

Under Section 1920, a prevailing party may recover expert witness fees only for court-appointed experts.  *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U .S. 437, 442 (1987). There are no fees for court-appointed experts here.  While the Court recognizes that the auditing skills of those experts that Spectrum hired, namely Pegeen Larosa, may have been necessary to the trial of its case, there is simply no support for such an award under the case law.

Taking into account the deductions listed above, the Court finds that Spectrum is entitled to recover costs in the amount of $2,111.50.

## III.    Conclusion

For the foregoing reasons,

**IT IS ORDERED** that the Motion to Assess Attorneys' Fees and Expenses [Doc. #105] is GRANTED IN PART as outlined above.  Spectrum is entitled to an award of attorneys' fees and costs in the amount of **$95,636.55**.

New Orleans, Louisiana, this 14th day of June, 2012.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**