UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SPECTRUM COMMUNICATION SPECIALISTS, LLC | CIVIL ACTION |
| VERSUS | NO. 09-159 |
| KMJ SERVICES, INC. AND BRAD BLANCHARD | DIVISION 3 |

**ORDER**

Before the Court is the Motion to Require Supersedeas Bond [Doc. #120] filed by plaintiff Spectrum Communication Specialists, L.L.C. ("Spectrum"). Defendants KMJ Services, Inc. and Brad Blanchard (collectively, "KMJ") oppose the motion. For the following reasons, the Court grants the motion.

**I.    Background**

This is a contract dispute. Pertinent to this motion, Spectrum and KMJ were parties to an Operating Agreement ("the Agreement") for the vessel M/V MISS ELIZABETH and under which Spectrum was to compensate KMJ for all out-of-pocket costs plus a fee of eight per cent. KMJ was to remit all other monies to Spectrum. KMJ was to invoice Spectrum for the costs and the fee.

KMJ operated the vessel from February 2007 to October 2007, when it returned the vessel to Spectrum after Spectrum terminated the agreement. KMJ failed to provide Spectrum with any invoices as to the costs incurred in the operation of the vessel.

On January 20, 2009, Spectrum sued defendants, alleging breach of contract, unjust enrichment, alter ego and for attorneys' fees and costs in connection with the alleged breach of the Agreement. At the time the parties proceeded to trial, Spectrum sought $102,212.97 due and owing it under the Agreement.

In their answer, defendants denied that Spectrum sustained any damages as alleged in its complaint and responded that Spectrum had "failed to exercise reasonable care and diligence to prevent avoidable consequences of this damage, resulting in a failure to mitigate [its] damage . . ." [Doc. #7 at p. 6]. Defendants also responded that the Agreement attached to plaintiff's complaint is not the governing Agreement between the parties and that defendant breached no contractual or legal duty owed to Spectrum. Further, defendants asserted a counterclaim against Spectrum, arguing that they are entitled to a set-off for the out-of-pocket expenses, maintenance costs, crew costs and any other related costs incurred in their operation of the vessel. At the time the parties proceeded to trial, defendants argued that Spectrum owed them $10,967.93.

On June 20, 2011, the Court held a one-day bench trial. On November 23, 2011, the Court ruled in favor of Spectrum, finding that KMJ breached the Agreement, and Spectrum was entitled to damages in the amount of $26,158.07. The amount of damages to Spectrum included a deduction of crew costs that KMJ incurred in the amount of $18,282.00 before the commencement date of the Agreement.

On February 17, 2012, KMJ filed a notice of appeal. [Doc. #107]. On March 27, 2012, the United States Court of Appeals for the Fifth Circuit dismissed the appeal for want of prosecution. [Doc. #116]. On April 2, 2012, the Fifth Circuit reinstated the appeal. [Doc. #117]. On April 18, 2012, Spectrum filed a petition for garnishment. [Doc. #118]. This Court granted the motion in

part, ordering that the Community Bank of Lafourche be made garnishee herein, but denying it to the extent that the Court would not issue a writ of fieri facias until the appeal had been resolved. [Doc. #119]. Spectrum now asks the Court to order KMJ to post a supersedeas bond.

## II.     Law and Analysis

When an appeal is taken, an appellant may obtain a stay of proceedings to enforce a money judgment by posting a supersedeas bond. Fed. R. Civ. P. 62(d). The bond may be posted at or after the time of filing the notice of appeal with the district court. *Id.* The stay becomes effective on the district court's approval of the bond. *Id.* Under Local Rule 62.2, the supersedeas bond must be "in the amount of the judgment plus 20% of the amount to cover interest, costs and any damages award, unless the court directs otherwise."

In *Hamlin v. Charter Township of Flint*, 181 F.R.D. 348, 353 (E.D. Mich.1998), the court held that:

> [S]hould a court choose 'to depart from the usual requirement of a full security supersedeas bond . . . it should place the burden on the moving party to objectively demonstrate the reasons for such a departure.' *Poplar Grove Planting and Refining Co., v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979). The opposing party has no obligation to introduce evidence to the contrary.

*See also Little v. Trasnocean Offshore, Inc.*, No. Civ. A. 02-3489, 2004 WL 162903 (E.D. La. Jan. 21, 21004). The *Hamlin* court also noted that, "[w]hen an appellant claims its ability to pay the judgment is so obvious that posting a bond would simply be a waste of money, courts have generally required the appellant to present 'a financially secure plan for maintaining the same degree of solvency during the period of an appeal.'" 181 F.R.D. at 353 (citing *Poplar Grove*, 600 F.2d at 1190). Finally, the court stated that "because Rule 62(d) [of the Federal Rules of Civil Procedure] expressly dictates that a supersedeas bond must be posted, only in 'extraordinary circumstances'

3

should anything less be required." *Id.* at 353 (citing *C. Albert Sauter Co. v. Richard S. Sauter Co.*, 368 F. Supp. 501, 520 (E.D. Pa. 1973)).

In short, a losing party must post a supersedeas bond to be entitled to a stay of judgment. Here, KMJ argues only that no supersedeas bond is required because the Court already ruled that no writ of fieri facias would issue because a judgment debtor is entitled to appeal before his property is seized. However, seizure of property through a writ of fieri facias is completely different than posting a supersedeas bond to stay a judgment. While the Court did not condone a *seizure* of KMJ's property pending the resolution of the appeal, the Court can not allow KMJ to sidestep the requirements necessary to stay execution of a judgment. KMJ has given this Court no evidence that it will be financially solvent at the end of the appeal. Neither does the Court find that extraordinary circumstances exist here.

### III.    Conclusion

Accordingly, and for the foregoing reasons,

**IT IS ORDERED** that the Motion to Require Supersedeas Bond [Doc. #120] is GRANTED.

New Orleans, Louisiana, this 14th day of June, 2012.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**